UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MARLANDE LAZARD, individually and as    )
judgment creditor and assignee of SIGNET )
IMAGING, LLC **,**                       )
                                         )
       Plaintiff,                        )    Case No.: _____
                                         )
-against-                                )
                                         )
COLUMBIA CASUALTY COMPANY, a foreign     )
corporation; PARIS-KIRWAN ASSOCIATES, INC.,)
a foreign corporation; MARSH USA, INC., a foreign)
corporation d/b/a MARSH AND MCLENNAN     )
COMPANIES **,**                           )
                                         )
       Defendants.                       )
                                         )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3), Defendant Columbia Casualty Company ("Columbia") hereby removes to this Court the proceeding commenced by Plaintiff Marlande Lazard ("Plaintiff") in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County of the State of Florida. In support of this Notice of Removal, Columbia states:

### Background and Status of Litigation

1.    Plaintiff initiated this action against Columbia, Oceanus Insurance Company ("Oceanus"), Paris-Kirwan Associates, Inc. ("Paris-Kirwan"), and Marsh USA, Inc. d/b/a Marsh and McLennan Companies ("Marsh") in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County of the State of Florida by filing a complaint on August 11, 2017, which was docketed as case numbered 17-016784 CA 31 (the "Initial Complaint"). The case stated in the

1

initial pleading was not removable because it did not establish diversity of citizenship between the Plaintiff and all Defendants.  *See* 28 U.S.C. § 1446(b)(3).

2. On February 7, 2018, Plaintiff voluntarily dismissed all claims against Oceanus.

3. On February 8, 2018, Plaintiff filed the currently operative complaint (the "Amended Complaint") against Columbia, Paris-Kirwan and Marsh.  Plaintiff, individually and as purported judgment creditor and assignee of Elite Imaging, LLC ("Elite"), seeks to recover from Columbia, Paris-Kirwan, and/or Marsh an $11 million consent judgment and/or a $21,585,148.19 judgment in Plaintiff's underlying medical malpractice action ("Underlying Action").  Plaintiff asserts a cause of action for bad faith against Columbia, alleging that it wrongfully refused to defend its insured Elite in the Underlying Action, exposing Elite to an excess judgment of $11 million.  Plaintiff seeks a variety of declaratory relief regarding the coverage available under the insurance policy issued by Columbia to Elite during the relevant time.  Further, the Amended Complaint asserts negligence claims against Paris-Kirwan and Marsh as insurance agents for Elite.  The claims against Paris-Kirwan and Marsh have been indefinitely stayed by court order.  Oceanus is no longer a defendant in the action.

## Diversity of Citizenship

4. The basis for removal is diversity of citizenship.  Pursuant to 28 U.S.C. § 1332(a), United States District Courts have jurisdiction over all actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and where the action is brought between citizens of different states.

5. Defendant Columbia is a corporation organized pursuant to the laws of the State of Illinois, with its principal place of business located at 333 South Wabash Avenue, Chicago, IL 60604.  Accordingly, under 28 U.S.C. § 1332(c)(1), Columbia is a citizen of Illinois.

6. Defendant Paris-Kirwan is a corporation organized pursuant to the laws of the State of New York, with its principal place of business located at 1040 University Avenue, Rochester, NY 14607. Accordingly, under 28 U.S.C. § 1332(c)(1), Paris-Kirwan is a citizen of New York.

7. Defendant Marsh is a corporation organized pursuant to the laws of the State of New York, with its principal place of business located at 1166 Avenue of the Americas, New York, NY 10011. Accordingly, under 28 U.S.C. § 1332(c)(1), Marsh is a citizen of New York.

8. Plaintiff is an individual residing in the State of Florida. Accordingly, Lazard is a citizen of Florida.

**Amount in Controversy**

9. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks to recover an $11 million consent judgment and a $21,585,148.19 judgment, plus interest.

10. Thus, the jurisdictional amount under 28 U.S.C. § 1332 is satisfied, and jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**Notice of Removal is Timely**

1. The Initial Complaint was not removable, and therefore did not start the running of the 30-day removal time period, because it did not identify the defendants' citizenship. *See, e.g., Clark v. Unum Life Ins. Co. of Am.*, 95 F. Supp.3d 1335, 1353 (M.D. Fla. 2015) (noting that every court of appeals to have addressed the issue has followed a "bright line" rule that the 30-day removal period does not begin until the plaintiff submits a pleading or other paper providing "specific and unambiguous notice that the case satisfies federal jurisdictional requirements")

(collecting cases). Although not required to do so, when the initial complaint was filed, Columbia investigated and determined that it could not establish diversity of citizenship between Plaintiff and Oceanus because Oceanus had its principal place of business is in Florida and was therefore a citizen of Florida. See Declaration of Charles C. Lemley, Exhibit 1.

2. Oceanus was, at the time the action was initially filed, the only non-diverse defendant impeding diversity under 28 U.S.C. § 1332 and removal under 28 U.S.C. § 1441.

3. Plaintiff voluntarily dismissed Oceanus from the action on February 7, 2018, and Oceanus is not named as a defendant in the Amended Complaint filed on February 8, 2018. The notice of dismissal of Oceanus was the first possible "pleading … or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

4. As provided by 28 U.S.C. § 1446(b)(3), this Notice of Removal has been timely filed with this Court within thirty (30) days of Columbia's receipt "through service or otherwise, of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable." Further, as provided by 28 U.S.C. § 1446(c), this Notice of Removal has been filed not "more than 1 year after commencement of the action."

**All Procedural Requirements Have Been Met**

1. Pursuant to 28 U.S.C. § 1446(a), all documents on file in the removed proceeding are attached as exhibits to this Notice of Removal.

2. Pursuant to 28 U.S.C. §1446(b)(2)(A), Defendants Paris-Kirwan and Marsh have consented to this removal. Communications from counsel for Paris-Kirwan and Marsh confirming consent are attached as Exhibits 2 and 3.

3.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff and filed with the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County of the State of Florida to effect removal of this action.

4.  The State Court Litigation is proceeding in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. Because that court is located within the District and Division in which this Court sits, venue is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(b)(2).

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, Columbia hereby removes this action to the United States District Court for the Southern District of Florida, Miami Division.

Respectfully submitted this 26th day of February, 2018.

/s/ Charles C. Lemley
Charles C. Lemley
WILEY REIN LLP
Florida Bar No. 0016314
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000
clemley@wileyrein.com

Julie K. Linhart
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd., Suite 316
Tampa, FL 33614
812-880-5168
julie@linhart@cna.com

*Counsel for Defendant Columbia Casualty Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 26, 2018, true and correct copy of this document was filed with the Clerk of Court, and that same is being served this day on all counsel of record identified on the service list below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive Notices of Electronic Filing.:

| | |
|---|---|
| Gary Alan Friedman, Esq.<br>FRIEDMAN & FRIEDMAN, P.A.<br>2600 Douglas Road, Suite 1011<br>Bank of America Building Coral Gables, FL 33134<br>Phone: (305) 446-6485<br>Email service to:<br>gary@friedmantriallawyers.com<br>susy@friedmantriallawyers.com<br>evelyn@friedmantriallawyers.com<br><br>*Counsel for Plaintiff* | Sara D. Dunn<br>Florida Bar No. 106923<br>Quarles & Brady LLP<br>101 East Kennedy Boulevard, Suite 3400<br>Tampa, Florida 33602<br>Phone: 813-387-0300<br>Facsimile: 813-387-1800<br>Sara.dunn@quarles.com<br>Lynda.dekeyser@quarles.com<br><br>*Counsel for Defendant, Marsh USA, Inc., a foreign corporation d/b/a Marsh and McLennan Companies.* |
| Christopher B. Weldon, Esq.<br>Darren P. Renner, Esq.<br>KEIDEL, WELDON & CUNNINGHAM, LLP<br>925 Westchester Ave.<br>White Plains, New York 10604<br>Phone: (914) 948-7000<br>Email service to: drenner@kwcllp.com<br>cweldon@kwcllp.com<br><br>*Co-Counsel for Defendant, Paris-Kirwan Associates, Inc.* | Gregory D. Podolak, Esq.<br>Ashley L. Cooper, Esq.<br>SAXE DOERNBERGER & VITA, P.C.<br>1000 9th Street North, Suite 401<br>Naples, Florida 34102<br>Email service to:<br>gdp@sdvlaw.com<br>alc@sdvlaw.com<br>ksw@sdvlaw.com<br><br>*Co-Counsel for Defendant, Paris-Kirwan* |

Respectfully submitted,

 /s/ Charles C. Lemley
Charles C. Lemley
Florida Bar No. 0016314